## Case No. 4,143.

In re DUNHAM et al.

[2 Ben. 488;[1] 2 N. B. R. 17 (Quarto, 9); 1 Am. Law T. Rep. Bankr. 89.]

District Court, S. D. New York. July, 1868.

Thomas McGovern, for petitioning creditors.

L. J. Lansing, for respondents.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. The petition in this case alleges two acts of bankruptcy: (1.) That the debtors, on or about the first of November, 1867, being possessed of certain estate, property, rights, or credits, to wit, a stock of millinery goods, consisting of feathers, flowers, and numerous other articles, together with the lease, fixtures, and furniture of the premises known as number 334 Canal street, in the city of New York, made a sale, conveyance, or transfer of the same to one Robert Orr, of said city, with intent to delay, hinder, and defraud the creditors of the said debtors; (2.) That the debtors, on or about the —— day of January, 1868, being bankrupt or insolvent, made to the said Robert Orr an assignment, conveyance, or transfer of certain property, rights, and credits, to wit, the book accounts, claims, demands, and debts due or to become due to the said debtors, with intent to give a preference to said Robert Orr, he being or claiming to be a creditor of the said debtors, or with the intent, by such disposition of their property, to defeat, delay, or hinder the operation of the bankruptcy act.

The debtors have denied the acts of bankruptcy set forth in the petition, and testimony has been taken on the issues thus raised.

An objection is taken on the part of the debtors, that, as no replication has been filed by the petitioners to the answer of the debtors, the answer must be taken as true, and the proceedings must be dismissed. The answer is merely the form of denial contained in form No. 61, and states that the debtors deny that they have committed the acts of bankruptcy set forth in the petition, and aver that they should not be declared bankrupt for any cause in the petition alleged. Such an answer sufficiently raises an issue as to the acts of bankruptcy alleged in the petition. It amounts to the general issue, and no replication is necessary. The objection is, therefore, overruled.

The first act of bankruptcy alleged is founded on that clause of the thirty-ninth section of the act which provides, that if a debtor shall make a sale, conveyance, or transfer of his estate, property, rights, or credits, with intent to delay, defraud, or hinder his creditors, he shall be deemed to have committed an act of bankruptcy. It is not an element of this act of bankruptcy that the debtor shall be, at the time of committing it, bankrupt or insolvent, or be contemplating bankruptcy or insolvency, nor is any allegation to that effect made in the petition, in connection with the first alleged act of bankruptcy.

The testimony in support of the first act of bankruptcy alleged shows that the debtors, on the first of November, 1867, executed and delivered to Robert Orr a chattel mortgage on "six bunches of flowers, and all other the stock in trade, fixtures, lease, and furniture, and all other goods and chattels mentioned" in a schedule annexed to the mortgage, and then "in the store and premises No. 334 Canal street, in the city of New York" (the schedule specifying the lease of the premises, and sundry flowers, straw goods, feathers, and the fixtures and furniture in the store), to secure the payment of the sum of five thousand dollars on demand, with interest thereon from the date of the mortgage to the time of payment, being (as the mortgage states) "the amount of my promissory note bearing even date herewith, this mortgage being given as collateral security thereto." This mortgage was filed on the 26th day of November, 1867, in the proper office to make it a valid mortgage under the laws of New York, in the absence of an actual and continued change of possession of the mortgaged property. The evidence shows, that the debtors commenced business in January, 1867, and failed the last of December, 1867; that the mortgage was given at the suggestion of Robert Orr, to secure a debt of $5,000 due by the debtors to Robert Orr, and evidenced by a note or notes of the debtors for that amount, held by Robert Orr; that the value of the mortgaged property, at the time the mortgage was given, was between $2,000 and $3,000; that the mortgage covered all the property of the debtors, except their book accounts; and that the debtors continued business, and remained in possession of the mortgaged property, after the mortgage was given, until the 2d of January, 1868, when Robert Orr foreclosed the mortgage, and a sale was had of the mortgaged property. It is not shown affirmatively that the debtors were insolvent at any time prior to the last of December, when they failed. Under these circumstances, although the mortgage was not given for a present consideration, within the provision of section fourteen of the act, still it was a mortgage on personal property of the debtors, held by the creditor, Robert Orr, for securing the payment of a debt owing to him from the bankrupts, and thus within the saving clause of section twenty of the act; and, it not being alleged in the petition, or shown by the evidence, that the mortgage was given when the debtors were bankrupt or insolvent, or contemplated bankruptcy or insolvency, it cannot, although it was made with the intent to give a preference to Robert Orr as a creditor, be held to be within any of the inhibitions of the thirty-ninth section of the act, or to have been made with intent to "delay, defraud, or hinder" the creditors of the mortgagors, within the meaning of those terms as used in that section. There is nothing to impeach the bona fides of the debt due to Robert Orr, and, to hold that these debtors, when not bankrupt or insolvent, or contemplating bankruptcy or insolvency, had no right to secure that debt by a chattel mortgage so long as they owed other debts, and that the giving of such mortgage is to be taken as evidence of an intent to delay, defraud, or hinder the creditors of the mortgagors, and is to be regarded as forbidden by the thirty-ninth section of the act, would render invalid all chat-

tel mortgages by solvent debtors. There certainly was no intent to delay, defraud, or hinder Robert Orr as a creditor. The inhibition is against the hindering, delaying, or defrauding by the debtor of "his creditors," that is, all his creditors, as a body, generally. The only inhibition against giving a preference to a creditor by a mortgage is found in a subsequent clause in the thirty-ninth section, which is confined to the case where the debtor so giving the preference is bankrupt or insolvent, or is contemplating bankruptcy or insolvency. The first act of bankruptcy alleged is, therefore, not sustained.

As to the second alleged act of bankruptcy, the only evidence to sustain it is an instrument in writing, signed by the debtors, dated December 28th, 1867, purporting to transfer to Robert Orr, in order to secure the indebtedness of the debtors to him, sundry accounts against sundry persons named in the transfer, and amounting to $2,593.98. This instrument has no internal revenue stamp upon it. It ought to have had upon it a stamp of at least five cents, as an agreement or contract, under Schedule B following section 170 of the internal revenue act of June 30th, 1864, as amended. By section 158 of that act, every instrument not stamped according to law is declared to be invalid and of no effect. Not only did the petitioning creditors, on the hearing, claim that this instrument was void for want of the proper stamp, but the debtors also insisted that it was void for the same reason. It was and is void for that reason, and the second alleged act of bankruptcy is, therefore, unsustained by proof.

The proceedings are, therefore, dismissed, with costs to the respondents.